IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **THOMAS J. GRUSS** <br> 7382 Shamrock Drive <br> Mentor-on-the-Lake, OH 44060 <br><br> Plaintiff, <br> v. <br><br> **JAVITCH BLOCK LLC** <br> fdba Javitch Block & Rathbone LLP <br> c/o Theodore Konstatinopoulos, Agent <br> 1100 Superior Ave, 19th Floor <br> Cleveland, OH 44114 <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br> MAGISTRATE <br><br><br> COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE OHIO CONSUMER SALES PRACTICES ACT <br><br> JURY DEMAND ENDORSED HEREON |

Now comes Thomas J. Gruss, by and through counsel, and for his Complaint against Defendant Javitch Block LLC states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This action arises, *inter alia*, out of violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, committed by Defendant Javitch Block LLC ("Javitch").

2. This court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 1692k(d) and 28 U.S.C. §§ 1331, as well as pursuant to 28 U.S.C. § 1367 for pertinent state law claims.

3. Plaintiff Thomas J. Gruss is a natural person and was, at all times relevant, a resident of Lake County, Ohio.

4. Defendant Javitch is a law firm engaged in the practice of collection of consumer debt and is a debt collector as the term is defined in the FDCPA.

5. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 as the incidents, events, or omissions complained of and giving rise to the instant claim or controversy occurred within this district.

## STATEMENT OF FACTS

6. On or about August 26, 2003, Javitch initiated a lawsuit to collect a debt owed to Capital One Bank (USA), NA against Plaintiff, Thomas J. Gruss in the amount of $1,370.56 in the Chardon Municipal Court (Geauga County) known as *Capital One Bank (USA), NA vs. Thomas J. Gruss*, Case #2003-CVF-01133.

7. Javitch served the summons and obtained a default judgment on or about October 16, 2003.

8. Javitch unsuccessfully attempted to garnish the Defendant in November 2003.

9. There has been no activity on the Court's docket since November 24, 2003 (See attached Exhibit A)

10. The judgment went dormant after 5 years under ORC §2329.07.

11. On or about February 2, 2016, Thomas Gruss received a letter from Javitch Block attempting to collect on this old 2003 judgment by way of compromise (See attached Exhibit B).

12. Thomas Gruss filed a Chapter 7 bankruptcy under Case #16-16998 in the US Bankruptcy Court, Northern District on December 22, 2016.

13. Thomas Gruss properly disclosed his potential claim on Schedule B.

14. The Chapter 7 Trustee, Lauren Helbling, abandoned any interest in the claim.

## Count One:
## Violations of the FDCPA
## (15 U.S.C. § 1692, *et seq.*)

15. Plaintiff restates and incorporates each of his allegations contained in the preceding paragraphs as if fully rewritten herein.

16. Plaintiff is a consumer as defined in 15 U.S.C. § 1692(a)(1).

17. Defendant Javitch is a debt collector as the term is defined in 15 U.S.C. § 1692(a)(6).

18. The debt arose primarily for personal, family or household purposes.

19. The acts of Defendant Javitch in attempting to collect the debt without disclosing to Plaintiff that the judgment was dormant and had not been revived through the court constitutes violations of the FDCPA, including, but not limited to the following sections:

   A) § 1692(d)—Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person;

   B) § 1692(e)—Making any false, deceptive, or misleading representation or means in connection with the debt collection;

   C) § 1692(e)(2)—Misrepresenting the character, amount, or legal status of the alleged debt;

   D) § 1692(f)—Engaging in any unfair or unconscionable means to collect or attempt to collect the alleged debt; and,

20. As a consequence of Defendant's conduct, Plaintiff experienced great

3

mental distress. When Plaintiff received the correspondence from Defendant, he thought he had to pay this debt and that was one of a number of factors that pushed him into filing bankruptcy.

21. As a consequence of Defendant's conduct, Plaintiff was required to retain legal counsel to bring this action.

22. Plaintiff was harmed by and through the aforementioned violations committed by Javitch, and is entitled to statutory damages, actual damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k)(a).

## Count Two:
## Violation of CSPA
## (O.R.C. § 1345.01, *et seq.*)

23. Plaintiff restates and incorporates each of his allegations contained in the preceding paragraphs as if fully rewritten herein.

24. The improper, illegal, and abusive debt collection practices of Javitch in violation of the FDCPA also constitute unfair and deceptive practices in violation of the Ohio Consumer Sales Practices Act.

25. Defendant Javitch violated R.C. § 1345.02(A) and (B)(10) by pursuing legal claims against Plaintiff after the judgment went dormant and made no attempts at revival.

26. Defendant Javitch violated R.C. § 1345.02(A) and (B)(10) by failing to disclose that the judgment was dormant, failing to properly revive the judgment and by making a false representation that Plaintiff owed a debt that included interest of $2,144.95 when the it is well established that interest does not accrue during the time

4

the judgment is dormant and a revival action is filed in the trial court.

27. As a consequence of Defendant's conduct, Plaintiff experienced great mental distress. When Plaintiff received the correspondence from Defendant, he thought he had to pay this debt and that was one of a number of factors that pushed him into filing bankruptcy.

28. As a consequence of Defendant's conduct, Plaintiff was required to retain legal counsel to bring this action.

29. Plaintiff is entitled to treble damages and non-economic damages including damages for legal fees to bring this action and compensation for mental anguish in the amount of $5,000.00.

30. Defendants' violations are known violations of the OCSPA and therefore entitle the Plaintiff to reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Thomas J. Gruss prays that this Court enter its order granting judgment in his favor for the following:

A) For actual damages in an amount to be determined at trial as to Count One and Two;

B) For treble damages for Count Two;

C) For statutory and punitive damages in an amount to be determined at trial;

D) For costs, and reasonable attorneys' fees; and

E) Such other relief which this Court may deem appropriate.

Respectfully submitted:

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
The Dann Law Firm Co., LPA
PO Box 6031040
Cleveland, OH 44103
216/373-0539
216/373-0536 – fax
notices@dannlaw.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
The Dann Law Firm Co., LPA
Attorneys for Plaintiff